18-696
McPherson v. Wilkinson

BIA
A087 264 608

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT:
>  ROSEMARY S. POOLER,
>  RICHARD J. SULLIVAN,
>  STEVEN J. MENASHI,
>  *Circuit Judges.*

_____

DELROY HORACE MCPHERSON,
>  *Petitioner*,

>  v.                                                  18-696
>                                                       NAC

ROBERT M. WILKINSON, ACTING
UNITED STATES ATTORNEY GENERAL,
>  *Respondent.*[1]

_____

FOR PETITIONER:          Delroy Horace McPherson, pro se, Bloomfield, CT.

FOR RESPONDENT:          [VACANT], Assistant Attorney

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Robert M. Wilkinson is automatically substituted for former Attorney General William P. Barr.

General; Song E. Park, Acting Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Delroy Horace McPherson, a native and citizen of Jamaica, seeks review of a February 23, 2018, decision of the BIA denying his fifth motion to reopen his removal proceedings. *In re Delroy Horace McPherson,* No. A 087 264 608 (B.I.A. Feb. 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the BIA's denial of the motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We find no abuse of discretion because an alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). McPherson's 2017 motion was untimely and number barred because his removal order was final in 2014 and this was his fifth motion to reopen. McPherson's request to reopen to apply for adjustment of status does not implicate

2

any exception to the time and number limitations. *See Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii) (asylum exception); 8 C.F.R. § 1003.2(c)(3) (listing exceptions). McPherson's motion did not identify grounds for equitable tolling based on ineffective assistance of counsel. *Cf. Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008) (recognizing equitable exception to time and number limits based on ineffective assistance, but requiring showing that counsel's actions were unreasonable and caused prejudice and that movant acted diligently in raising claim).

Absent an exception to the time and number limitations, the only basis for reopening was an exercise of the BIA's authority to reopen sua sponte. That authority is "entirely discretionary," and we lack jurisdiction to review it absent a misperception of the law, which did not occur here. *Ali,* 448 F.3d at 518; *Mahmood v. Holder,* 570 F.3d 466, 471 (2d Cir. 2009).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

3